UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BOLDISZAR,

        Petitioner,

                                  CASE NO. 2:08-CV-10965
v.                                        HONORABLE GERALD E. ROSEN

J. PRELESNIK,

        Respondent.
                                       /

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

       This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Eric Boldiszar ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Respondent has filed an answer to the petition asserting that it should be dismissed as untimely and/or for lack of merit. For the reasons set forth herein, the Court dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed in forma pauperis on appeal.

**II. Facts and Procedural History**

      Petitioner was convicted of first-degree felony murder following a jury trial in the Washtenaw County Circuit Court and was sentenced to life imprisonment without the possibility of parole in 2004. His conviction arises from the murder of Blockbuster Video store manager

1

Lee Ann Anderton during a robbery as she opened the store on Jackson Road in Ann Arbor, Michigan on August 12, 2002.  Petitioner was an assistant store manager at the time of the crime.  The main evidence against Petitioner was his own police statement in which he confessed to using Ms. Andterton's code to enter the store, taking petty cash, waiting for the safe alarm to go off, and then hitting Ms. Anderton with a brick and slicing her throat with a box cutter when she arrived at the store before he could exit the building.

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that his confession was involuntary and that defense counsel was ineffective for failing to call him to testify at his suppression hearing.  The Michigan Court of Appeals affirmed Petitioner's conviction.  *See People v. Boldiszar*, No. 259193, 2006 WL 1652683 (Mich. Ct. App. June 15, 2006) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Boldiszar*, 477 Mich. 943, 723 N.W.2d 860 (Nov. 29, 2006).

Petitioner submitted a signed, but undated, habeas petition to this Court which was filed on March 6, 2008.  He raises the same involuntary confession and ineffective assistance of counsel claims presented on direct appeal of his conviction.  Respondent has filed an answer to the petition contending that it should be dismissed for failing to comply with the one-year statute of limitations applicable to federal habeas actions and/or denied for lack of substantive merit.  Petitioner has filed a reply to that answer asserting that the Court should consider his petition because "the 'prison mailbox rule' applies to habeas petitions filed under the AEDPA, so a petition filed by a prisoner is timely if it is given to prison authorities for mailing on the due date" and because he is a prisoner with limited access to the law library, a typewriter, and copies.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765

(E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on November 29, 2006. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1). He did not do so. His conviction thus became final on February 27, 2007. Accordingly, Petitioner was required to file his federal habeas petition on or before February 27, 2008, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed the instant petition on March 6, 2008. Thus, the one-year limitations period expired eight days before Petitioner instituted this action. Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. Rather, he asserts that his petition is timely under the "prison mailbox rule." Under that rule, a federal habeas petition is deemed filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *See Feenin v. Myers*, 110 Fed. Appx. 669, 671 (6th Cir. 2004); *Hudson v. Martin*, 68 F. Supp. 2d 798, 799 n. 2 (E.D. Mich. 1999); *see also Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoners' notices of appeal to the federal courts are considered filed when given to prison officials for mailing). Absent evidence to the contrary, a federal court will assume that a prisoner gave his petition to prison officials on the date he signed it for purposes of the AEDPA's one-year limitations period. *See Wampler v. Mills*, 60 Fed. Appx. 594, 596 (6th Cir. April 2, 2003); *Hudson*, 68 F. Supp. 2d at 799 n. 2; *see also Fugate v. Booker*, 321 F. Supp. 2d

4

857, 859, n. 2 (E.D. Mich. 2004). Petitioner, however, has not shown that he gave his petition to prison officials for mailing before the expiration of the one-year period. He submitted a signed – but undated – habeas petition to this Court and he has not presented any evidence to establish the date upon which he gave his petition to prison officials for mailing in reply to Respondent's answer. Petitioner's conclusory allegation of timeliness under the prison mailbox rule is insufficient. *See Cross v. Stovall*, 238 Fed. Appx. 32, 39-40 (6th Cir. 2007) (conclusory allegations do not provide a basis for habeas relief); *Prince v. Straub*, 78 Fed. Appx. 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a sufficient basis for an evidentiary hearing in habeas proceedings). His habeas action is thus barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)

(internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that the Court should consider his petition because he is a prisoner with limited access to the law library, a typewriter, and copies. Such typical conditions of prison life, however, do not constitute exceptional circumstances which justify tolling of the one-year period. *See, e.g., Fitts v. Eberlin*, 2009 WL 1047052, (N.D. Ohio April 17, 2009) ("allegations regarding insufficient library access ...do not warrant equitable tolling."); *Roland v. Motley*, No. 05-217-DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases and ruling that the inability to obtain or pay for copies does not warrant equitable tolling); *see also Maclin v. Robinson*, 74 Fed. Appx. 587, 589 (6th Cir. Sept. 8, 2003) (limited access to prison law library does not constitute state created impediment under 28 U.S.C. § 2244(d)(1)(B)). Petitioner has not shown that unusual prison conditions precluded him from filing his petition in a timely manner. This is particularly so given that he raises the same claims presented on direct appeal to the state courts in his current petition. Additionally, the fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246,

1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner has not shown that he is entitled to equitable tolling under *Dunlap.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Significantly, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  He is thus not entitled to equitable tolling of the one-year period.

## IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling that the petition is untimely and cannot be saved by the doctrine of equitable tolling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: July 8, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>     July 8, 2009     </u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>         Brian O. Neill                                                                                    </u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
<u>   Eric Boldiszar, #510013, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846                                                                                    </u>.

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (313) 234-5137